## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINOVAC BIOTECH LTD., | Civil Action No.: |
| _Plaintiff_, | COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |
| v. | |
| 1GLOBE CAPITAL LLC, | |
| and | |
| THE CHIANG LI FAMILY, | |
| _Defendants_. | |

## COMPLAINT

1.     Plaintiff Sinovac Biotech Ltd. ("Sinovac" or the "Company"), by and through its undersigned counsel, for its complaint against Defendants 1Globe Capital LLC ("1Globe") and The Chiang Li Family ("Chiang Li") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

2.     Plaintiff brings this action for injunctive and other relief to remedy a concerted and secret plan by the Defendants to change or influence control of Sinovac while evading the reporting requirements imposed by the federal securities laws.  Without stating their intentions to change control of Sinovac, Defendants acted in concert, in advance of and at the Company's annual meeting, to propose an alternative slate of directors they had not identified to the Company or publicly disclosed.

3.     Defendants failed to update the required disclosure documents they previously filed with the Securities and Exchange Commission ("SEC") pursuant to Sections 13(d) and 13(g) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 13d–1 promulgated thereunder ("Disclosure Documents"), to report their intentions to change the composition of Sinovac's Board.

4.     The declaratory and injunctive relief sought by the Company is necessary, among

other reasons, to prevent Defendants from benefitting from their wrongdoing, and to provide

Sinovac shareholders with all information to which they are entitled.  Among other requested

relief, Defendants should be enjoined from acquiring additional Sinovac shares and should be

prohibited from voting their existing shares and using their status as shareholders to request a

special meeting of shareholders to change the control of Sinovac by electing new directors.

## PARTIES

5.      Plaintiff Sinovac Biotech Ltd. is an Antigua corporation with principal executive

offices located at No. 39 Shangdi Xi Road, Haidian District, Beijing 100085, People's Republic

of China ("P.R.C.").  Plaintiff is a publicly-traded biopharmaceutical company listed on the

NASDAQ Global Market under the ticker symbol "SVA."  Sinovac focuses on the research,

development, manufacturing, and commercialization of vaccines that protect against human

infectious diseases.  Sinovac's product portfolio includes vaccines against hepatitis A and B,

seasonal influenza, H5N1 pandemic influenza (avian flu), H1N1 influenza (swine flu), mumps,

and canine rabies.

6.      Defendant 1Globe Capital LLC ("1Globe") is a Delaware corporation with its

principal place of business at 245 First Street, Riverview II, 18th Floor, Cambridge, MA 02142.

1Globe is Sinovac's largest shareholder, purporting to be the beneficial owner of 9,353,092

shares of the Company's common stock, representing approximately 16.4% of the outstanding

common stock of Sinovac.

7.      Defendant The Chiang Li Family resides at 8 Museum Way, Cambridge, MA

02141-1889.  The Chiang Li Family purports to be the beneficial owner of 3,461,763 shares of

common stock, representing approximately 6.1% of the outstanding common stock of Sinovac.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under and pursuant to Sections 13(d) and (g) of

the Securities Exchange Act of 1934 (15 U.S.C. § 78m(d) and (g)), and SEC Rule 13d–1

promulgated thereunder (17 C.F.R. § 240.13d–1).

9.      This Court has jurisdiction over the subject matter of this action pursuant to § 27

of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

10.     Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this District, and because each Defendant resides, conducts business in, and maintains operations within this District.

## SUBSTANTIVE ALLEGATIONS

### The Federal Securities Laws Disclosure Requirements

11.     Section 13(d) of the Exchange Act requires any person acquiring beneficial ownership of more than 5 percent of a corporation's common stock to file a Schedule 13D within 10 days of the acquisition disclosing certain information to the corporation, the SEC, and the exchanges on which the stock is traded.

12.     Item 4 of Schedule 13D requires the filer to disclose "the purpose or purposes of the acquisition of securities of the issuer" and any "plans or proposals" relating, *inter alia*, to "[t]he acquisition by any person of additional securities of the issuer" or "[a]ny change in the present board of directors or management of the issuer, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the board."

13.     Item 6 of Schedule 13D requires disclosure of contracts, arrangements, understandings, and relationships by the reporting person with respect to any securities of the issuer, including with respect to voting of any securities.

14.     Pursuant to Section 13(d)(2) of the Exchange Act and Rule 13d–2, upon a material change in the information reported, an issuer is required to amend promptly its Schedule 13D.

15.     Rule 13d–1(c) permits investors with 5-20 percent ownership in an issuer to file a short-form Schedule 13G in lieu of a Schedule 13D, provided that the investor certifies that it has not acquired the securities with the intent of changing or influencing control of the issuer, *i.e.*, is a "passive investor."  Rule 13d–1 further requires a passive investor to file promptly a Schedule 13D when it develops the intent to change or influence control of the issuer, and imposes a 10-day waiting period during which the filer may not vote its shares or acquire additional securities in the issuer.

**Defendants' Stock Purchases and SEC Filings**

16.     On March 30, 2016, 1Globe filed a Schedule 13G with the SEC in declaring that, on that date, 1Globe acquired 9,353,092 shares of Sinovac common stock, representing 16.44% of Sinovac's outstanding common stock.  1Globe certified under Item 10 of its Schedule 13G that those shares "were acquired and are held in the ordinary course of business and were not acquired and are not held for the purpose of and do not have the effect of changing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having such purpose or effect for the time being."

17.     On July 1, 2017, 1Globe disclosed that it was no longer a passive investor and filed a Schedule 13D, announcing its new intention with respect to its investment in Sinovac stock:

> The purpose of the acquisition was investment.
>
> 1Globe Capital LLC supports the Sinobioway Consortium's proposal to acquire all of the Common Shares of Sinovac Biotech for the consideration of $8 per Common Share and has expressed its willingness to vote its shares of Common Stock in favor of such acquisition and roll-over its shares of Common Stock in connection with the transaction.
>
> Except as indicated above, 1Globe Capital LLC as of the date of this Statement does not have any plans or proposals which relate to or would result in additional acquisitions or dispositions of shares of Sinovac Biotech Ltd. Except as indicated above, 1Globe Capital LLC as of the date of this Statement does not have any plans or proposals which relate to or would result in changing the organizational structure, management, governance of Sinovac Biotech Ltd.

1Globe also stated under Item 6 of the Schedule 13D that it did not have any "Contracts, Arrangements, Understandings or Relationships with Respect to Securities of the Issuer."

18.     1Globe has not amended or supplemented its Schedule 13D.

19.     On March 31, 2016, The Chiang Li Family filed a Schedule 13G with the SEC declaring that, on that date, The Chiang Li Family acquired 3,459,763 shares of Sinovac common stock, representing 6.08% of Sinovac's outstanding common stock.  The Chiang Li Family certified under Item 10 that it was a passive investor and its stock holdings "were acquired and are held in the ordinary course of business and were not acquired and are not held

for the purpose of and do not have the effect of changing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having such purpose or effect for the time being."

20.     The Chang Li Family has not filed a Schedule 13D with respect to Sinovac stock.

**Sinovac's 2017 Annual General Meeting**

21.     Sinovac has a five-member board of directors.  Dr. Weidong Yin has served as a director, chairman, president, and chief executive officer of the Company since September 2003. Mr. Kenneth Lee has served as a director of the Company since May 2011.  Mr. Simon Anderson has served as a director of the Company since July 2004.  Mr. Yuk Lam Lo has served as a director of the Company since March 2006.  Mr. Mei Meng has served as a director of the Company since March 2012.

22.     On December 28, 2017, the Company noticed the 2017 annual meeting of shareholders (the "Annual General Meeting" or "AGM").

23.     The AGM was held on February 6, 2018 at 9:00 A.M. Beijing time, at No. 39 Shangdi Xi Road, Haidian District, Beijing 100085, P.R.C., and at the corresponding time in Antigua at No. 6 Temple Street, St. John's, Antigua.

24.     Among other things, at the AGM the shareholders were asked to approve the re-election of the incumbent board.

25.     Prior to the AGM, the Company solicited proxies from the shareholders to approve each of the matters to be submitted for approval at the AGM.

26.     Without any prior notice to the Company or the public, and without updating their Schedule 13 beneficial ownership filings, 1Globe and The Chiang Li Family appeared at the AGM and purported to vote 26,072,784 shares, representing 45.53% of the shares entitled to vote at the AGM (the "Dissident Holders"), in favor of a previously undisclosed slate of directors comprised of Yuk Lam Lo, Guowei Wang, Jianzeng Cao, Hoi Fung Qiu, and Pengfei Li (the "Alternative Ballot").

27.     After the AGM, on February 6, 2018, Defendants issued a press release claiming, among other things, that their alternative slate of directors was elected.

**Defendants' Failure to Comply with the Securities Laws**

28.     1Globe and The Chiang Li Family are both located in Cambridge, Massachusetts.

29.     The Chiang Li Family members Ms. Linda Li and Mr. Jiajun Li are Co-Owners of Defendant 1Globe.

30.     The Chiang Li Family member Ms. Linda Li is Vice President at Defendant 1Globe and is Manager of Corporate Development & Strategy at 1Globe Health Institute LLC ("GHI").  According to GHI's website, www.1globe-usa.com, GHI was founded in 2012 and is a "research organization" located at 333 Boston-Providence Turnpike, Norwood, MA 02062.  GHI lists "Chiang J. Li" as one of its founders and the chairman of its board of directors.

31.     On October 16, 2017, Sinovac's Special Committee (formed for the purpose of evaluating a strategic transaction) received an email from 1Globe, among other things, that it and its affiliates held more than 30% of the outstanding Sinovac shares and that they would vote their shares against any proposed transaction requiring shareholder approval that was not recognized by 1Globe.  1Globe has never disclosed to the Company or publicly the identity of its "affiliates" or amended its Schedule 13D to disclose its claimed collaboration with its "affiliates."

32.     Sometime between 1Globe's July 1, 2017, Schedule 13D filing and the February 6, 2018, AGM, or earlier, 1Globe developed a plan or proposal to change the composition of Sinovac's Board.  Despite this plainly material change in intentions, 1Globe never updated its Schedule 13D as required by Section 13 of the Exchange Act.

33.     Similarly, sometime between The Chiang Li Family's March 31, 2016, Schedule 13G filing and the February 6, 2018, AGM, or earlier, The Chiang Li Family's intentions changed and it developed a plan or proposal to change the composition of Sinovac's Board. Despite this material change in intentions, The Chiang Li Family never filed a Schedule 13D as required by Section 13 of the Exchange Act.

34.     Defendants secretly communicated and collaborated in advance of the AGM to develop an alternative slate of nominees for election as directors, coordinated with one another to obtain proxies and ballots to effectuate their plan, and thereafter consummated the plan at the AGM without issuing any prior public statements, making any required filings with the SEC, or

giving any prior notice to the Company.

35.     Prior to the AGM, neither 1Globe Capital LLC nor The Chiang Li Family made any filing with the SEC to disclose their intent to seek to change control of the Company.

**COUNT I**

**VIOLATION OF SECTION 13(d) OF THE<br>SECURITIES EXCHANGE ACT OF 1934**

(*1Globe Capital LLC*)

36.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

37.     1Globe violated Section 13(d) of the Exchange Act by failing to disclose 1Globe's intention to seek to change control of Sinovac, and failing to disclose 1Globe's contracts, arrangements, understandings, or relationships relating to Sinovac common stock.

38.     The failure of 1Globe to timely make required disclosures concerns information material to Sinovac shareholders and the investing public.

39.     1Globe's violations of Section 13(d) are continuing and, without the equitable intervention of this Court, will cause, and have caused, Sinovac's shareholders, as well as Sinovac itself, irreparable injury.

**COUNT II**

**VIOLATION OF SECTION 13(d) OF THE<br>SECURITIES EXCHANGE ACT OF 1934**

(*Chiang Li Family*)

40.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41.     The Chiang Li Family violated Section 13(d) of the Exchange Act by failing to file a Schedule 13D to disclose The Chiang Li Family's intention to seek to change control of Sinovac, and failing to disclose The Chiang Li Family's contracts, arrangements, understandings, or relationships relating to Sinovac common stock.

42.     The failure of The Chiang Li Family to timely make required disclosures concerns information material to Sinovac shareholders and the investing public.

43.     The Chiang Li Family's violations of Section 13(d) are continuing and, without the equitable intervention of this Court, will cause, and have caused, Sinovac's shareholders, as well as Sinovac itself, irreparable injury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Sinovac's favor and against Defendants, and grant Sinovac the following relief in the form of an Order:

A.     Temporarily, preliminarily, and permanently enjoining Defendants from further violations of the Exchange Act;

B.     Requiring Defendants to disclose the fact of their violations and to issue corrective disclosures rectifying their material violations of the Exchange Act;

C.     Enjoining the purchase of further shares by Defendants and enjoining the voting of Defendants' shares;

D.     Enjoining Defendants from representing to shareholders that the Alternative Ballot is valid or that the Defendants' directors were elected;

E.     Enjoining Defendants from taking any action, directly or indirectly, with the purpose or effect of changing or influencing the control of Sinovac;

F.     Granting attorneys' fees and costs; and

G.     Granting such other and further relief as the Court deems just and proper.

Dated:  March 5, 2018

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ *William J. Trach*

William J. Trach
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
BBO# 661401

J. Christian Word, *Pro Hac Pending*
Sarah A. Tomkowiak, *Pro Hac Pending*
555 Eleventh Street NW Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Emails: william.trach@lw.com
christian.word@lw.com
sarah.tomkowiak@lw.com

*Attorneys for Sinovac Biotech Ltd.*