# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SINOVAC BIOTECH LTD.,

    *Plaintiff*,

v.

1GLOBE CAPITAL LLC et al.,

    *Defendants*.

No. 18-cv-10421-NMG

1GLOBE CAPITAL LLC,

    *Third-Party and Counterclaim Plaintiff*,

v.

SINOVAC BIOTECH LTD.,

    *Counterclaim Defendant*

and

WEIDONG YIN and NAN WANG,

    *Third-Party Defendants*.

**SINOVAC'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO COMPEL A RULE 26(F) CONFERENCE**

Sarah A. Tomkowiak, *Pro Hac Vice*
J. Christian Word, *Pro Hac Vice*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Emails: william.trach@lw.com
christian.word@lw.com
sarah.tomkowiak@lw.com

Eric Leon, *Pro Hac Vice*
885 Third Avenue
New York, NY 10022-4834
eric.leon@lw.com

William J. Trach
BBO# 661401
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Attorneys for Sinovac Biotech Ltd.*

Dated: October 4, 2018

**Table of Contents**

**Page**

I. PRELIMINARY STATEMENT ................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .......................................................2

III. ARGUMENT .........................................................................................................4

IV. CONCLUSION ......................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Del Vecchio v. Amazon.com*,
  No. C11-0366RSL, 2011 WL 1585623 (W.D. Wash. Apr. 27, 2011) ................................... 5

*ING Bank, FSB v. Fazah*,
  No. Civ S-09-1174, 2009 WL 3824751 (E.D. Cal. Nov. 16, 2009), adopted by
  2009 WL 4507722 (Dec. 3, 2009) ....................................................................................... 5

*Levy v. United Healthcare Corp.*,
  No. Civ. 3-96-750, 1996 WL 1031813 (D. Minn. Sept. 10, 1996) ...................................... 5

*O. Ahlborg & Sons, Inc. v. United States*,
  233 F.R.D. 224 (D. Mass. 2005) .......................................................................................... 6

*Shock v. CDI Affiliated Servs., Inc.*,
  No. CV-09-635, 2010 WL 672148 (D. Idaho Feb. 20, 2010) .............................................. 5

**RULES**

Fed. R. Civ. P. 16(b)(2) .............................................................................................................. 6

Fed. R. Civ. P. 26(a)(1)(B) ......................................................................................................... 4

Fed. R. Civ. P. 26(f) ................................................................................................................ 4, 5

Plaintiff and Counterclaim-Defendant Sinovac Biotech Ltd. ("Sinovac," or the "Company") respectfully submits memorandum in support of its motion to compel 1Globe Capital LLC ("1Globe") and the Chiang Li Family to participate in a Fed. R. Civ. P. 26(f) conference.[1]

## I. PRELIMINARY STATEMENT

Sinovac commenced this action seven months ago after Defendants violated the securities laws as part of a secret scheme to seize control of Sinovac. Defendants answered the complaint, never sought a stay of discovery, and now Sinovac would like to proceed with discovery on its claims. Defendants, however, have refused to even discuss a discovery schedule. Accordingly, Defendants are forced to seek an order from the Court requiring 1Globe to participate in a Rule 26(f) conference.

To be clear, Sinovac is not proposing one-sided discovery; to the contrary, Sinovac has made clear that it is willing to provide discovery on 1Globe's counterclaims as well. Nevertheless, 1Globe has taken the position that there can be no discovery because Sinovac has not yet answered 1Globe's counterclaims. That is incorrect. The Advisory Committee Notes to Federal Rule of Civil Procedure 26 make clear, time and again, that parties are required to participate in a Rule 26(f) conference even if one of the parties has not filed an answer. *See* Fed. R. Civ. P. 26(f), advisory committee's notes to 1993 amendment. Moreover, as a practical matter, Sinovac's answer will not impact the scope of this discovery. Defendants cannot credibly assert that they will abandon certain areas of discovery simply because Sinovac denies Defendants' counterclaim allegations. And if Defendants are concerned about Sinovac's affirmative defenses, Sinovac has offered to inform Defendants of the affirmative defenses it will assert assuming that each of the

---

[1] Sinovac submits a Declaration of Sarah Tomkowiak ("Tomkowiak Declaration" or "Tomkowiak Decl."), exhibits to which are designated "Ex.__."

counterclaims survived Sinovac's motion to dismiss. Defendants thus know all they need to know to begin discovery.

The reason that Sinovac has not yet responded to 1Globe's counterclaims is simple—both parties recognized that those counterclaims will be mooted by the upcoming trial in Antigua, which will determine whether Sinovac's incumbent directors or the directors supported by Defendants were elected in February. If Defendants win control of Sinovac in Antigua, 1Globe presumably will not continue to accuse the Company of wrongdoing. If Sinovac prevails, 1Globe's counterclaims necessarily fail because each is predicated on the theory that the incumbent directors were not validly elected. It is precisely because the Antigua trial will resolve 1Globe's counterclaims that the parties agreed to postpone Sinovac's response to those counterclaims until after the Antigua court issues its judgment.

Sinovac's claims are different because they do not depend on the outcome of the Antigua trial. If Defendants failed to comply with the U.S. securities law, this Court can disenfranchise them. The effect would be to disqualify the votes Defendants cast in the February director election and to prevent them from voting in future elections until they comply with the securities laws. So, no matter who prevails in Antigua, Sinovac and its stockholders must know whether Defendants violated the securities laws and whether they can vote on matters to be decided by stockholders. Thus, discovery on Sinovac's claims will go forward regardless. That being the case, Sinovac respectfully requests the Court order Defendants to participate in a Rule 26(f) Conference.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This dispute traces back to early 2018, when 1Globe conspired with the so-called Sinobioway Consortium and other Sinovac shareholders in an attempt to seize control of Sinovac at the Company's annual general meeting ("AGM") on February 6, 2018. 1Globe and its co-conspirators appeared unannounced at that meeting and, without providing Sinovac with any prior

2

notice, purported to nominate and elect an alternative slate of directors. Sinovac has maintained that 1Globe's attempted coup is invalid under Antiguan law, which requires shareholders to provide advance notice of their intent to seek to replace the incumbent board.

The disputed election at Sinovac's AGM has spawned three different lawsuits. First, the Company filed a lawsuit in the Court of Chancery of the State of Delaware seeking a declaratory judgment that the coordinated activities of 1Globe and other dissident shareholders, including OrbiMed Advisors, LLC, triggered the Company's Rights Agreement, which allows the Company to dilute shareholders who enter into an agreement, arrangement, or understanding with respect to, among other things, the voting of Company stock. 2017 Annual Report at 79 (Dkt. 36-12); Del. Compl. ¶ 1 (Dkt. 36-13). Second, 1Globe filed a complaint against Sinovac in the Eastern Caribbean Supreme Court in the High Court of Justice, Antigua and Barbuda ("Antigua Court") on March 13, 2018. 1Globe sought a declaration that its proposed slate of alternative directors was validly elected at the AGM, and that any actions taken on behalf of the Company at the direction of the incumbent board since the AGM are null and void. 2017 Annual Report at 79 (Dkt. 36-12); Antigua Compl. (Dkt. 36-14). Third, Sinovac filed suit in this Court against 1Globe and its owners (members of the Chiang Li Family) alleging that Defendants violated Section 13(d) of the Exchange Act by failing to disclose that they had formed a group and intended to attempt to replace the Company's board. Compl. ¶¶ 2-3 (Dkt. 1). Indeed, 1Globe's Schedule 13D beneficial ownership filings with the SEC prior to the 2018 AGM stated that 1Globe "does not have any plans or proposals which relate to or would result in changing the organizational structure, management, or governance" of Sinovac. 1Globe Schedule 13G (Mar. 30, 2016) (Dkt. 36-3); 1Globe Schedule 13D, at 3 (July 7, 2017) (Dkt. 36-4).

Defendants each answered Sinovac's complaint on May 21, 2018, and 1Globe also filed

3

counterclaims alleging violations of state common law and federal securities law.[2] Answer (Dkt. 11). Sinovac moved to dismiss the counterclaims on July 11, 2018, and 1Globe responded by filing amended counterclaims and a motion for a preliminary injunction on August 1, 2018. First Am. Countercl. & Third-Party Compl. at 25-26 (Dkt. 24); Motion for Preliminary Injunction (Dkt. 25). Because 1Globe's counterclaims will be mooted by the Antiguan trial, which was then just a few weeks away, Sinovac proposed to extend the time for Sinovac's motion to dismiss until after the Antigua Court issues its judgment, and 1Globe agreed. Consent Motion (Dkt. 16); Order (Dkt. 17).

On September 24, 2018, the Antigua Court ordered that the trial be postponed from October 1, 2018 to December 3, 2018. Ex. 1 (Antigua Order). Sinovac contacted Defendants the next day to request a Rule 26(f) conference in this case. Ex. 2 (Correspondence between counsel for Sinovac and 1Globe). Defendants refused because they "do not know the factual[] and legal defenses that will be included in [Sinovac's] answer." *Id.* Sinovac responded that its eventual answer would not include any new factual allegations (only admissions and denials) and promised to identify "prior to the 26(f) conference each affirmative defense it would assert in response to each of 1Globe's counterclaims." *Id.* On October 1, 2018, Defendants once again refused to schedule a Rule 26(f) conference. *Id.*

### III. ARGUMENT

Fed. R. Civ. P. 26(f) requires the parties to a proceeding to meet and confer "as soon as practicable" regarding discovery and to develop a proposed discovery plan prior to a scheduling

---

[2] 1Globe also asserted claims against two of Sinovac's officers, but has not yet effected service on them.

conference or the due date for Rule 16(b) scheduling order.³ Defendants have improperly refused to participate in a Rule 26(f) conference on the grounds Sinovac has not yet answered 1Globe's counterclaims. But as the Advisory Committee Notes to Rule 26 repeatedly emphasize, the timing of the Rule 26(f) conference is not dependent upon whether defendants have filed their answer:

> Unless the court directs a different time, the disclosures required by subdivision (a)(1) are to be made at or within 10 days after the meeting of the parties under subdivision (f). One of the purposes of this meeting is to refine the factual disputes with respect to which disclosures should be made under paragraphs (1)(A) and (1)(B), ***particularly if an answer has not been filed by a defendant*** . . . .
>
> . . . .
>
> It will often be desirable, particularly if the claims made in the complaint are broadly stated, for the parties to have their Rule 26(f) meeting early in the case, ***perhaps before a defendant has answered the complaint*** or had time to conduct other than a cursory investigation.
>
> . . . .
>
> . . . The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.

*See* Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment (emphasis added).

Not surprisingly, courts routinely order that a Rule 26(f) discovery conference occur prior to the filing of responsive pleadings. *See, e.g.*, *ING Bank, FSB v. Fazah*, No. Civ S-09-1174, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009), adopted by 2009 WL 4507722 (Dec. 3, 2009) (order compelling Rule 26(f) conference where motion to dismiss was pending); *Del Vecchio v. Amazon.com*, No. C11-0366RSL, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011) (denying defendant's "motion to stay discovery, including initial disclosures and the Rule 26(f) conference,

---

³ The Rules provide for several exceptions, none of which is applicable in the present matter. *See* Fed. R. Civ. P. 26(a)(1)(B) (listing nine types of proceedings exempt from requirements regarding initial disclosures).

until after defendant has filed and the Court has ruled on a motion to dismiss all of plaintiffs' claims"); *Levy v. United Healthcare Corp.*, No. Civ. 3-96-750, 1996 WL 1031813, at *1-2 (D. Minn. Sept. 10, 1996) (denying motion to stay Rule 26(f) conference while motion to dismiss was pending and no answer filed); *see also Shock v. CDI Affiliated Servs., Inc.*, No. CV-09-635, 2010 WL 672148, at *6 (D. Idaho Feb. 20, 2010) (compelling Rule 26(f) conference where plaintiff refused to confer while its motion to remand was pending).

Defendants understandably wish to avoid a Rule 26(f) conference so as to postpone discovery of their obvious wrongful conduct in advance of Sinovac's shareholder meeting. But that is hardly a sufficient justification to delay a Rule 26(f) conference or the development of a discovery plan necessary for the Court to enter a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b)(2) (the Court "must issue [a] scheduling order as soon as practicable," but unless there exists good cause for delay, the Court "must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.").[4] Discovery in this case will go forward regardless of what happens in Antigua and regardless of what happens with 1Globe's counterclaims. Accordingly, the parties should proceed with a 26(f) conference forthwith.

## IV. CONCLUSION

For the reasons discussed above, Sinovac respectfully requests that the Court order

---

[4] Sinovac requests that the Court award it fees and costs for filing this motion. "When a motion to compel discovery is granted or the requested discovery is provided . . . [Rule] 37(a)(4) requires judges to award the moving party its reasonable expenses incurred in making the motion," unless the court finds that the movant did not make a good faith effort to resolve the issues without seeking the Court's intervention or that the non-movant was justified in its objection. *O. Ahlborg & Sons, Inc. v. United States*, 233 F.R.D. 224, 226 (D. Mass. 2005) (Gorton, J.). Sinovac has "made numerous, unavailing attempts to induce compliance by" Defendants, who have not articulated any cognizable reason for not participating in a Rule 26(f) conference. *Id.* As a result, Sinovac is entitled to reasonable expenses, including attorneys' fees, incurred in connection with the filing of this motion.

Defendants to participate in a Rule 26(f) conference at the earliest opportunity.

Dated: October 4, 2018

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Sarah A. Tomkowiak*

Sarah A. Tomkowiak, *Pro Hac Vice*
J. Christian Word, *Pro Hac Vice*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sarah.tomkowiak@lw.com
christian.word@lw.com

Eric Leon, *Pro Hac Vice*
885 Third Avenue
New York, NY 10022-4834
eric.leon@lw.com

William J. Trach
BBO# 661401
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Attorneys for Sinovac Biotech Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2018.

/s/ Sarah A. Tomkowiak
Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

*Attorney for Plaintiff and Counterclaim Defendant Sinovac Biotech Ltd.*