# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SINOVAC BIOTECH LTD., | |
| *Plaintiff*, | |
| v. | |
| 1GLOBE CAPITAL LLC, et al. | No. 18-cv-10421-NMG |
| *Defendants*. | JURY TRIAL DEMANDED |
| | |
| 1GLOBE CAPITAL LLC, | |
| *Third-Party and Counterclaim Plaintiff* | |
| v. | |
| SINOVAC BIOTECH LTD., | |
| *Counterclaim Defendant* | |
| and | |
| WEIDONG YIN and NAN WANG | |
| *Third-Party Defendants* | |

## JOINT STATUS REPORT

On December 27, 2018, Magistrate Judge Kelley ordered the parties to file a joint status report informing the Court whether Defendant 1Globe Capital LLC ("1Globe") had appealed the decision rendered by the Eastern Caribbean Supreme Court in the High Court of Justice of Antigua and Barbuda ("Antigua Court") in the action captioned *1Globe Capital, LLC and Sinovac Biotech Ltd.* (Claim No. ANUHCV 2018/0120), and what effect any such appeal has on Plaintiff Sinovac Biotech Ltd.'s ("Sinovac") pending Motion to Compel a Rule 26(f) Conference (Dkt. No. 60). Dkt. No. 92. On December 28, 2018, Judge Gorton ordered the parties to include an update on pending Motions to Dismiss (Dkt. Nos. 18 & 19) as part of their status report. Dkt. No. 93. On

January 2, 2019, the Court mooted the motions to dismiss.  Dkt No. 96.

The parties inform the Court that on January 29, 2019, 1Globe filed a notice of appeal with the Court of Appeal, Eastern Caribbean Supreme Court.

## Individual Statement of Sinovac Biotech Ltd.

This section contains the statement of Sinovac only, and is not adopted by 1Globe Capital.

Sinovac respectfully submits that, in lieu of a Rule 26(f) conference, the parties should proceed to briefing on (i) Sinovac's motion for judgment on the pleadings on its claims against 1Globe, and (ii) Sinovac's motion to dismiss 1Globe's counterclaims.  1Globe's appeal of the Antigua Court's decision is not a reason to further delay these proceedings.  Simply put, nothing that happens in connection with 1Globe's appeal will have any bearing on the present action.  In the Antigua litigation, 1Globe seeks a declaratory judgment that, under Antigua law, the alternative slate of directors that 1Globe and its co-conspirators attempted to elect at Sinovac's most recent shareholder meeting is now the validly elected Sinovac board.  This case, by contrast, raises the question of whether 1Globe violated the federal securities laws by failing to update the Schedule 13(d) that 1Globe filed in advance of the Sinovac shareholder meeting, which falsely certified that 1Globe had no "plans or proposals which relate to or would result in changing the organizational structure, management, governance of Sinovac Biotech Ltd."  Dkt. 36-4, Decl. of S. Tomkowiak, Ex. 4 (1Globe Schedule 13D dated July 7, 2017).  The Antigua Court denied 1Globe's claim for declaratory relief, concluding that 1Globe's attempt to wage a proxy battle by ambush was invalid under Antigua law.  Dkt. 91, Ex. A.  Even in the unlikely event that 1Globe could reverse the Antigua Court's decision on appeal, it would still leave open the question of whether 1Globe violated the federal securities laws by failing to update its Schedule 13(d) in advance of the Sinovac shareholder meeting.

The only aspect of the Antigua Court's decision that has any bearing on this case is the Court's factual finding that 1Globe knowingly participated in a "secret plan" to oust Sinovac's incumbent board of directors.  After a three-day trial, the Antigua Court was "convinced, on a balance of probabilities, that there was a secret plan to take control of the Company and that [1Globe] knew of and acquiesced in this plan."  Dkt. 91, Ex. A ¶ 45.  Moreover, the Antigua Court

noted that the "scale and detail of the secret plan" of 1Globe and its co-conspirators "undermine[d] basic fairness to which the shareholders, as a whole, were entitled." *Id.* ¶¶ 23, 46. To that end, the Antigua Court found that the testimony of 1Globe's representative—who was himself nominated to the disputed slate of directors—was "not at all credible," and concluded that 1Globe's "knowledge of the secret plan, and the unfairness to other shareholders of the execution of that plan at [Sinovac's AGM], [wa]s enough for this Court to refuse the relief sought by [1Globe]." *Id.* ¶¶ 45, 47.

Based upon the factual findings of the Antigua Court, Sinovac intends to move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on its claims against 1Globe for violations of Section 13(d) of the Exchange Act. In ruling on that motion, this Court may take judicial notice of the Antigua Court's findings pursuant to Federal Rule of Evidence 201(b) (the Court may take judicial notice of any matter that is "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

In addition, based upon the rulings of this Court in its Order denying 1Globe's motion for a preliminary injunction, Sinovac intends to move to dismiss 1Globe's counterclaims in this action. Dkt. No. 73. The crux of 1Globe's counterclaims is that Sinovac violated the federal securities laws by making materially false and misleading statements regarding Sinovac's business, operational and financial results. 1Globe, however, does not allege that it either bought or sold any Sinovac shares in reliance on the alleged misrepresentations, or that it sought leave of the Antigua Court to pursue derivative claims based on such alleged misrepresentations. For those same reasons, in denying 1Globe's preliminary injunction motion, the Court found that 1Globe could not establish a reasonable likelihood of success on the merits of its claims because, among other problems, 1Globe lacked standing to bring a Section 10(b) and Rule 10b-5 claim in either a direct or derivative capacity. *Id.* at 11-12. The Court's ruling compels the dismissal of 1Globe's counterclaims, and Sinovac intends to seek such relief as soon as the Court grants it leave to do so.

## Individual Statement of 1Globe Capital

This section contains the statement of 1Globe Capital only, and is not adopted by Sinovac. 1Globe Capital respectively makes three points in this status report.

First, 1Globe Capital notes that Sinovac has effectively withdrawn its motion to compel a Rule 26(f) conference in its individual statement.

Second, 1Globe Capital seeks a speedy, efficient, and orderly resolution of this case without unnecessary and expensive legal fees. In this instance, the proposal made by Sinovac would result in more uncertainty and unnecessary expense.

There can be no dispute that this litigation is largely contingent on the outcome of the appeal of the Antigua case. As the Court is aware, this case is part of a larger dispute between Sinovac's current management and an unaffiliated Chinese company, Sinobioway, about control over Sinovac arising out of the company's February 2018 Annual General Meeting, and that dispute is the subject of litigation in multiple jurisdictions, including Antigua. Although Sinovac makes the conclusory statement that the disposition of the Antigua appeal will have no bearing on this case, it contradicts its own position by also stating that it seeks to file a motion for judgment on the pleadings based on an Antigua finding that is the subject of the appeal. Clearly, it would be inefficient for the parties to brief, and the Court decide, a motion that is expressly based on the entry of a finding that is not final.

Similarly, briefing a motion to dismiss the Counterclaims would also be premature. 1Globe Capital has filed three categories of counterclaims. One category of counterclaims relates to the filing of Sinovac's complaint and the Annual General Meeting, which are the subject of the Antigua appeal. A second category of counterclaims relates to Sinovac's false and misleading disclosures, during the time that 1Globe Capital acquired shares that it disclosed in its Schedules 13G and 13D, and a third category of counterclaims relates to Sinovac's issuance of additional shares in July 2018, which is the subject of a pending appeal before the First Circuit Court of Appeals. 1Globe Capital has requested that the First Circuit hold the appeal of this Court's decision on its motion for a preliminary injunction in abeyance until resolution of the appeal on the grounds that the First Circuit appeal is contingent on the outcome of the Antigua appeal. That

motion has not yet been decided.

Finally, 1Globe Capital notes that the final determination of the Antigua case, after appeals are exhausted, is likely to end this litigation definitively.  The Antigua litigation will determine the validly elected board of Sinovac.  In the absence of that determination, the parties could spend significant resources litigating the issues raised in this case, but those expenses are likely to be unnecessary and ultimately may be mooted once the appellate courts resolves the uncertainty about which board controls Sinovac.

Dated: February 8, 2019

Respectfully submitted,

/s/Eric F. Leon
Eric F. Leon, *pro hac vice*
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864
Email: eric.leon@lw.com

Sarah A. Tomkowiak, *pro hac vice*
J. Christian Word, *pro hac vice*
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Emails: sarah.tomkowiak@lw.com
          christian.word@lw.com

William J. Trach (BBO# 661401)
Latham & Watkins LLP
200 Clarendon Street, 27th Floor
Boston, Massachusetts 02116
Telephone: (617) 880-4500
Facsimile: (617) 948-6001
Email: william.trach@lw.com

*Attorneys for Plaintiff*

/s/Ian D. Roffman
Ian D. Roffman (BBO# 637564)
Matthew J. Connolly (BBO# 676954)
Nutter McClennen & Fish LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: (617) 439-2000
Facsimile: (617) 310-9000
Emails: iroffman@nutter.com
        mconnolly@nutter.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 8, 2019.

*/s/* Eric F. Leon
Eric F. Leon
